CASANUEVA, Judge,
Concqrring.
I join in the affirmance of the trial court’s orders and write only to express several concerns.
First, this is the second occasion that this case and these parties have been before this court on nearly identical issues. Yet, despite indications in the record that the real property at issue in this appeal is being foreclosed in a separate action, the parties to the foreclosure action have not been joined in this lawsuit. In its first appellate review of this ongoing dispute, this court noted the indispensable nature of the real property’s mortgagee. The failure to join the foreclosure action and its parties limits the options available to the trial court to resolve the pertinent legal issues involving the real property.
*1195 Second, the trial court’s announced purpose for a subsequent hearing is to establish the legal value of the improvements made to the real property by Allen Dam-ron Construction. Once that value is quantified, should the Mickenses elect to satisfy a judgment for that amount, their payment, under the present state of the pleadings and parties, will not satisfy a mortgage encumbering the real property. Rather, the monies would be paid directly to the construction company, which, as yet, does not possess a concomitant duty to satisfy the underlying mortgage. In order to preserve their ownership in the real property, the Mickenses may be required to pay twice-once to satisfy the judgment and again to satisfy the mortgage.
Third, the present judgment uses language that compels the Mickenses “to pay” for certain construction costs. Before entering a further order or judgment that compels payment, the trial court must insure it possesses that legal authority as compared to entering a money judgment for amounts it determines are due.
It is not likely that the considerable efforts of the trial court to resolve this matter will yield a resolution without a third appeal. Nevertheless, the efforts of the trial court and its predecessor have been significant.